McQUEENEY et v CAHILL et

Ohio Appeals, 9th Dist, Summit Co
No 1728. Decided June 18, 1930

Roetzel, Hunsicker & Olds and Schnee, Grimm & Belden, all of Akron, for McQueeney, et.

R. H. Nesbitt, Akron, for Cahill, et.

**PER CURIAM**

A careful consideration of the evidence leads us to the conclusion that the verdict is not manifestly against the weight of the evidence. The testator by his will left nothing to his sister or the members of her family, who were his closest relatives, but left all of his property to a relative more distantly related to him, and it seems to us that the reason why he left nothing to the members of his sister's family, the contestants, is attributable to circumstances other than undue influence or mental incapacity.

It is fully established by the record that testator knew of the death of another of his sisters, Elizabeth P. Howland; that she died testate; that by the terms of her will he was given a small legacy and that the major portion of the estate went to his sister and the members of her family who are now contesting his will; that he was dissatisfied with the provisions of said will; that he hired lawyers to contest the same and that a settlement was made of said matter by which he received more than had been given him by said will, and that he thereafter frequently expressed a determination that his sister and the members of her family, contestants, should never receive any of his property.

One of the complaints made is that evidence was admitted, over objection, concerning the disposition of her property made by said sister Elizabeth P. Howland, it being claimed that at the time said evidence was admitted there was no evidence that the testator had any knowledge concerning the same.

At the time said evidence was admitted, counsel stated that if the testator's knowledge was not shown, the evidence could be withdrawn from the jury, and as has been said, such knowledge is fully established by the record, and we find no error in the ruling of the court upon the admission of said evidence.

Complaint is also made that the court, at the request of defendants, gave several special instructions to the jury which consisted of repetitions of the same general proposition, and thereby unduly emphasized the proposition that if the testator had proper mental capacity and was not under restraint he had a right to dispose of his property as he saw fit.

Instructions should not be, to an unreasonable degree, repetitions of the same legal proposition. There may have been some unnecessary repetition in this case, but considering the legal proposition involved and the character of the case, we do not find that there were repetitions to an unreasonable degre; but if there were, the error is not clearly prejudicial. The evidence of undue influence is slight and the evidence of lack of testamentary capacity is not very convincing, and it was important that the jurors should understand that it was not their province to make a will for the testator.

It is urged that the court erred in not permitting certain nonexpert witnesses to give their opinion as to the unsoundness of mind of the testator.

The rule is well established that a nonexpert witness, who is not a witness to the will, may not testify to his opinion that testator lacked mental capacity until he testifies to facts within his knowledge tending in some degree to indicate mental weakness.

The witnesses in this case who were not permitted to give their opinion, were relatives who were interested in having the testator's will set aside; and while it might be said that the facts which they testified to tended in some degree to indicate mental weakness and that they therefore should have been permitted to give their opinions, the evidence of mental weakness was so slight and the interest of the witnesses so apparent, as to render the rulings of the court nonprejudicial. Especially is this so when we consider all of the evidence in the record as to the mental condition of the testator, and his attitude toward his relatives and the reason therefor.

Moreover, each of said witnesses was permitted to express an opinion that the testator, at the time of the making of the will, did not know and realize the nature and extent of his property, which is one of the well-recognized elements of testamentary incapacity.

The objection to evidence as to the attitude of the contestants and their mother towards the testator, as shown by their speaking kindly of him and exhibiting to others a friendly feeling for him, but not communicated to him, was properly sustained.

Evidence as to the testator's attitude towards his relatives was competent, and the proof showed his dislike of them and his reasons therefor; but their statements to others as to their feeling towards him, had no legitimate bearing upon the issue in the case.

There are other claims made which we do not take the time to refer to in detail,

but we have examined them all and find no prejudicial error in the record. The judgment is therefore affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.